## Case No. 13,838.

### TERRY v. IMPERIAL FIRE INS. CO.

[3 Dill. 408; [1] 4 Ins. Law J. 824; 9 West. Jur. 551; 2 Cent. Law J. 459; 21 Int. Rev. Rec. 236; 22 Pittsb. Leg. J. 194.]

Circuit Court, D. Kansas. 1874.

REMOVAL OF CAUSES—ALIEN—FOREIGN CORPORATION.

A corporation created by the laws of Great Britain is an "alien" within the meaning of section 12 of the judiciary act of 1789 (1 Stat. 79), and when sued by a citizen of the United States in the state court, may, on complying with the requirements of that section, have the suit re-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

moved to the proper circuit court of the United States.

[Cited in Purcell v. British Land & Mortg. Co., 42 Fed. 466.]

The plaintiff, Jas. E. Terry, a citizen of the state of Connecticut, commenced his suit in the district court of Douglass county against said defendant, the Imperial Fire Insurance Company, to recover for a loss by fire, upon a policy of insurance issued by that company. The defendant, on entering its appearance, filed a petition for a removal of the case to this court, under the provisions of the 12th section of the judiciary act of 1789, claiming that it is within the meaning of that section an "alien." On that petition the case was sent to this court. Now the plaintiff files his motion to remand the cause to the state court. The Imperial Fire Insurance Company of London is a corporate body, organized under and by virtue of the laws of Great Britain.

Thatcher & Stephens, for plaintiff.
Nevison, Simpson & Alford and S. A. Riggs, for defendant.

FOSTER, District Judge. The only question presented to this court for determination is, whether or not the defendant is an alien within the meaning of the constitution, and the judiciary act. It is a question of no little moment, and one upon which there appear to be no reported cases, directly in point; its solution however, is not difficult, in the light of the several decisions of the supreme court, establishing the right of corporate bodies of other states to litigate in the federal courts, as if citizens of such other states.

Perhaps there is no one subject in the litigation in the highest court of the land, which has given rise to so much controversy, and which has brought out more able expressions of opinion from the bench and the profession, than the question whether or not corporations come within the jurisdictional rights given to citizens of different states, to sue and be sued in the United States courts. But however interesting that discussion may be to the legal student, or however weighty may be the arguments and reasons urged against the conclusion to which the federal courts have finally arrived, it may now be regarded no longer an open question, and we are bound by the maxim, "Stare decisis et non quieta movere."

The reasoning upon which those decisions rest, applies with equal force to the question involved in this case, and is decisive of it. It has been repeatedly decided that a body corporate, organized under the laws of a state, is to be treated as a citizen of that state, so far as the question of jurisdiction of this court is concerned. In other words, when a corporation is created by the laws of a state, the legal presumption is that its members are citizens of that state, and that a

suit by or against a corporation in its corporate name, must be conclusively presumed to be a suit by or against citizens of the state which created the corporate body. Louisville, C. & C. R. Co. v. Letson, 2 How. [43 U. S.] 497; Marshall v. Baltimore & O. R. Co., 16 How. [57 U. S.] 314; Covington Drawbridge Co. v. Shepherd, 20 How. [61 U. S.] 232; Ohio & M. R. Co. v. Wheeler, 1 Black [66 U. S.] 286; Railway Co. v. Whitton's Adm'r, 13 Wall. [80 U. S.] 270.

If, then, it is conclusively presumed that the members of a corporation created by the laws of a state of this Union are citizens of that state, it follows that the members of a corporation created within the sovereignty of Great Britain, and under the laws of that country, are presumed to be citizens or subjects of that kingdom.

In the case of Bank of Augusta v. Earle, 13 Pet. [38 U. S.] 585, it was decided that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. • It exists only by force of the law. It must dwell in the place of its creation, and cannot migrate to another sovereignty; yet, it does not follow that its existence will not be recognized in other places, or that it may not have the power of contracting in other states, under the comity between states and nations. On the contrary, that power is therein distinctly affirmed.

In the case of Bank of U. S. v. Devaux, 5 Cranch [9 U. S.] 61, Mr. Chief Justice Marshall, speaking of the apprehensions of suitors as to the local influence of the state courts, classes aliens and citizens together as coming within the rule, and says: "Aliens, or citizens of different states, are not less susceptible of these apprehensions, nor can they be supposed to be less the objects of constitutional provisions, because they are allowed to sue by a corporate name. That name indeed cannot be an alien or a citizen, but the persons that it represents may be the one or the other. * * * Substantially and essentially the parties in such a case, when the members of the corporation are aliens or citizens of a different state from the opposite party, come within the spirit and terms of the jurisdiction conferred by the constitution on the national tribunals." Although that case has been modified by later decisions on other points, the rule therein established, classing aliens of foreign corporations with citizens of domestic corporations, has not been questioned.

In Louisville, C. & C. R. Co. v. Letson [supra], the court, after speaking of the case in 5 Cranch [supra], say: "Let it then be admitted for the purpose of this branch of the argument, that jurisdiction attaches in cases of corporations in consequence of the citizenship of their members, and that foreign corporations may sue when the members are aliens, does it necessarily follow that the citizenship and residence of the members give jurisdiction in a suit at the instance of a plaintiff of another state, that all of the corporators must be citizens of the state in which the suit is brought?" And the court then holds that the members of the corporation must be presumed to be citizens of the state in which the corporation was created and domiciled. The court rest their decision on this broad ground, and say: "A corporation created by and doing business in a particular state, is to be deemed to all intents and purposes as a person, although an artificial person, an inhabitant of the same state, for the purposes of its incorporation, capable of being treated as a citizen of that state as much as a natural person."

Resting upon the analogy of these decisions, we hold in this case that the members of this insurance company defendant must be presumed to be subjects of Great Britain, and as such entitled to bring their case to this court.

Motion to remand overruled. Ordered accordingly.

NOTE. "Where the members of a corporation are aliens * * * they come within the meaning and terms of the jurisdiction of the federal courts." "Incorporated aliens * * * may sue a citizen in the federal courts by their corporate name, and the controversy is substantially between aliens and a citizen." 1 Kent, Comm. 348. See, also, Ang. & A. Corp. §§ 377, 378; 1 Abb. U. S. Prac. 216; Fisk v. Chicago, R. I. & P. R. Co., 53 Barb. 472; 3 Abb. Pr. (N. S.) 453; King of Spain v. Oliver [Case No. 7,814].